IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01611-WDM-BNB

SHANE STEVENS,

Applicant,

v.

JOSEPH ORTIZ, and
AL STANLEY,

Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 4, filed 8/15/2006], and amended on September 21, 2006 [Doc. # 8] (the "Amended Application") by Shane Stevens ("Applicant"). Respondents were ordered to show cause [Doc. # 12, filed 10/13/2006] why the Amended Application should not be granted. Respondents filed an Answer [Doc. # 15], and Applicant filed a Traverse [Doc. # 16].

I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and that the Amended Application be DENIED.

**I. BACKGROUND**

The Amended Application sets forth three claims. In Claim One, Applicant asserts that the State of Colorado Parole Board (Parole Board) violated his Fifth, Sixth, and Fourteenth Amendment rights when he was denied parole in April 2003 and any further consideration of parole was deferred for three years. (Am. Application at 3-4 and 6-10.) Applicant also asserts that the Parole Board violated his constitutional rights when it denied his parole in November 2005 because he did not participate in the Sex Offender Treatment Program (SOTP), even

though he was not incarcerated for committing a sex offense. (Am. Application at 8.) Applicant further contends that to participate in the SOTP he was required to admit to a sex offense, requiring him to incriminate himself. (Am. Application at 8.)

In Claim Two, Applicant asserts that his parole hearing was conducted in violation of Article Six of the United States Constitution, and the state constitution, because the agent who conducted the hearing was not "bound to defend or otherwise support the U.S. Constitution by evidence of [o]ath of [o]ffice and surety bond." (Am. Application at 3.) Applicant also asserts that he was not convicted of a sex offense in connection with the sentence he currently is serving, and the parole board exceeded its jurisdiction and abused its discretion when it denied his parole based on an alleged sex assault offense. (Am. Application at 3.)

In Claim Three, Applicant asserts that his due process rights are being violated because he is not able to accumulate three days of earned-time credits each month unless he participates in the SOTP. (Am. Application at 4.) As relief, Applicant seeks release from prison, discharge of his parole, a credit of 180 days of earned-time credits, and the ability to accrue earned-time credits in the future. (Am. Application at 5.)

Respondents answer that there is no federal constitutional right to parole, and Applicant's challenge to his classification is not cognizable in a petition for writ of habeas corpus, but is properly raised in a prisoner complaint filed under 42 U.S.C. § 1983. (Answer at 3-5.) Specifically, in response to Claim One, Respondents argue that Applicant was convicted of attempted sexual assault in the first degree in the El Paso County District Court in Case No. 95CR3067, and of sexual assault in the first degree in the El Paso District Court in Case No. 95CR3461. (Answer at 3.) Respondents conclude that pursuant to <u>Chambers v. Colo. Dep't of Corrections</u>, 205 F.3d 1237, 1243 (10th Cir. 2000), which relied on <u>Neal v. Shimoda</u>, 131 F.3d 818 (9th Cir. 1997), Mr. Stevens was not entitled to any administrative review prior to the

Colorado Department of Corrections (DOC) classifying him as a sex offender. (Answer at 6.)

With respect to Claim Two, Respondents assert that pursuant to section 17-2-201(9)(a)(I), C.R.S., at least one member of the Parole Board conducts an interview, not a hearing, in response to a prisoner's application for parole, and the interview is not subject to the Colorado Administrative Procedures Act, Colo. Rev. Stat. § 17-1-111. (Answer at 8-9.) Respondents contend that no other statutory duties are imposed; that a decision to deny parole is a subjective prediction of the applicant's ability to comply with society's rules; and that the absence of mandatory and enforceable parole guidelines does not violate the Constitution or federal law. (Answer at 9-10.) They conclude that the board member who conducted Applicant's interview gave sufficient written reasons, although terse, for denying parole. (Answer at 9.)

As for Claim Three, Respondents contend that Applicant was not deprived of his Fifth Amendment rights when he was required to admit he committed a sex offense in order to participate in SOTP. (Answer at 7.) Relying on McKune v. Lile, 536 U.S. 24 (2002), and Wirsching v. Colorado, 360 F.3d 1191 (10th Cir. 2004), Respondents argue that the Fifth Amendment is not violated when an inmate refuses to admit to committing a sex offense and loses prison privileges that are offered to encourage participation in SOTP. (Answer at 7.)

## II. ANALYSIS

### A. The Law/Liberty Interest and Due Process

Although Applicant relies only on the Fifth Amendment as the basis for his due process claim, I note that the Fifth Amendment is applied to the states through the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted

criminal's existence that qualify as liberty interests." Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995) (internal quotation marks and citations omitted), *aff'd*, 520 U.S. 143 (1997).  Before determining whether an applicant's procedural or substantive due process rights have been violated, the court must determine whether the applicant has a liberty interest.  Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law.  Hewit v. Helms, 459 U.S. 460, 466 (1983), *overruled in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).  State-created liberty interests are found only under limited circumstances:

> States may under certain circumstances create liberty interest which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 515 U.S. at 483-84 (citations omitted).

To evaluate whether a prisoner's freedom has been restrained in a manner that imposes an atypical and significant hardship, a court must carefully examine the conditions of the prisoner's confinement, Gaines v. Stenseng, 292 F.3d 1222, 1225-26 (10th Cir. 2002), including the duration and degree of an applicant's restrictions as compared to other inmates.  Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999).  The deprivation of a liberty interest can occur procedurally or substantively.  County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (stating that "[t]he touchstone of due process is protection of the individual against arbitrary action of government whether the fault lies in a denial of fundamental procedural fairness or in
the exercise of power without any reasonable justification in the service of a legitimate governmental objective" (internal quotation marks and citations omitted)).

4

When an inmate alleges a violation of his procedural due process rights, the court must first determine whether a liberty interest exists. If a liberty interest does exist, the court must determine (1) the appropriate procedural protections due to the inmate to prevent arbitrary abrogation of the liberty interest; and (2) whether the inmate was afforded those protections. Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (stating that an inmate found to have a liberty interest is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). When an inmate alleges a violation of his substantive due process rights, and a liberty interest is found to exist, the court must determine if the deprivation was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento, 523 U.S. at 847 n.8.

**B. Claim One**

To the extent Applicant challenges the validity of his parole hearing in April 2003 and November 2005, and his claims are properly raised in a § 2241 habeas corpus action, a one-year limitation period applies. 28 U.S.C. § 2244(d); see Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003). Section 2244(d), 28 U.S.C., provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right

5

> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

This action was received for filing on August 9, 2006. Only the November 2005 parole board decision took place within one year prior to the date the instant action was received. Applicant's claims are not timely with respect to the April 2003 parole board decision. See Kilgore v. Att'y Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008); Rubio-Diaz v. Milyard, No. 07-1355, 2008 WL 695894 (10th Cir. Mar. 14, 2008) (unpublished). Therefore, I will address only the merits of the November 2005 parole board decision.

Applicant asserts that the Parole Board violated his due process rights when it denied him parole in November 2005 because he had not participated in the SOTP, even though he was not serving a sentence for a sex offense. In his Traverse, Applicant also contends that he was not charged, prosecuted, convicted, or sentenced for an attempted sex assault in Case No. 95CR3067 and that any mittimus or amended mittimus stating that he was convicted of or sentenced for an attempted sex assault is inaccurate and must be corrected. (Traverse at 2.) Applicant concedes that he was convicted of a sexual assault in Case No. 95CR3461, but he asserts that he was not sentenced to the DOC for that offense. (Traverse at 2.) Applicant requests that the Court correct his mittimus in Case No. 95CR3067 to indicate that he was charged with attempted assault and not attempted sex assault. (Traverse at 2-3.)

Pursuant to sections 16-11.7-102(2)(a)(I) and (3)(a)(II), C.R.S., a sex offender is anyone

who after January 1, 1994, is convicted of a sex offense, including a person who is convicted of sexual assault in the first degree. Under Chambers, an inmate may not be classified as a sex offender without some administrative review process. Chambers, 205 F.3d at 1243. Nothing in Chambers limits sex offender classification to only those inmates who are serving sentences for crimes involving a sex offense. To the contrary, the plaintiff in Chambers was serving a sentence for aggravated robbery and attempted theft and was subjected to a sex offender classification based on his criminal history. Chambers, 205 F.3d at 1238-39.

Unlike the plaintiff in Chambers, Applicant was convicted of a sex offense in Case No. 95CR3461. In connection with that conviction, Applicant was afforded all of the process to which he is due in order for prison staff to classify him as a sex offender. See Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997).

In McKune v. Lile, 536 U.S. 24 (2002), the Supreme Court rejected a self-incrimination claim, like the one asserted here by Applicant, where a sex offender lost certain privileges for refusing to participate in a sex offender treatment program that required disclosure of sexual behavior information by the prisoner. Consequently, Applicant was not denied any due process right when prison staff classified him as a sex offender and refused to allow him to participate in the SOTP unless he admitted to the sex offense he had committed.

I also note that Applicant's challenge to the accuracy of the mittimus in Case No. 95CR3067 is properly brought by filing a 28 U.S.C. § 2254 action, after he has exhausted his state remedies.

**C. Claim Two**

Applicant's argument that he was denied due process because the board member who conducted his parole hearing had not taken an oath of office as required under Article 6 of the Constitution and was not bonded lacks merit. Applicant has failed to demonstrate how the board

7

member's alleged failure to affirm his support of the Constitution specifically violated Applicant's due process rights.

Applicant also asserts in Claim Two that the parole board exceeded its authority and abused its discretion when it incorrectly denied his parole based on an attempted sexual assault crime. Applicant argues that he is not serving a sentence resulting from a sex offense, and as a result the parole board could not deny his parole because he refused to admit to another sex offense conviction. Based on the findings, above, concerning Claim One, however, Applicant was properly classified as a sex offender under state statute and could be required to participate in SOTP.

Applicant's abuse of discretion claim also lacks merit. Federal habeas review of a parole board's decision is limited. A federal court reviews "the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998) (internal quotation marks omitted); see Schuemann v. Colo. State Bd. of Adult Parole, 624 F.2d 172, 173 (10th Cir. 1980) (reviewing the parole board's decision to determine if it was arbitrary, capricious, or an abuse of discretion). After reviewing the file in this action, including the Affidavit of the parole board member, Matthew Rhodes (Answer at Attachs.), who interviewed Mr. Stevens to determine whether he should be considered for parole, I conclude that the Parole Board's decision denying Mr. Stevens' application for parole was not arbitrary, capricious, or an abuse of discretion.

"[P]arole determinations inherently do not lend themselves to concrete and identifiable standards." Schuemann, 624 F.2d at 174. The decision whether to release an inmate on parole is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the

difficult and sensitive task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 9-10 (1979). The decision turns on a "discretionary assessment of a multiplicity of imponderables." Id. at 10 (internal quotation marks omitted and citation omitted).

The parole board rejected Applicant's parole application because of aggravating factors, inadequate time served (circumstances of offense), and his unwillingness to respond to the questions asked by the board member conducting the interview and to participate in the parole application interview. (Answer at Matthew Rhodes' Affidavit.) Although these reasons are not explained in any great detail, they are sufficient. See Schuemann, 624 F.2d at 174 (finding that the parole board's concern about the short time served for a serious offense was a sufficient and proper reason to deny parole). "It would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." Id. Therefore, the parole board's denial of Applicant's request for a parole based on the November 21, 2005, interview did not violate his due process rights.

**D. Claim Three**

The United States Constitution does not create a liberty interest in good-time or earned-time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Applicant's liberty interest, if it exists, must be created by state law. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Colorado law has not created a liberty interest in good-time or earned-time credits. Section 17-22.5-301(3), C.R.S., provides that "[e]ach person sentenced for a crime committed on or after July 1, 1985, shall be subject to all the provisions of this part 3; except that the good time authorized by this section shall not vest and may be withheld or deducted by the department." Section 17-22.5-405(1), C.R.S., provides

9

that "[e]arned time, not to exceed ten days for each month of incarceration or parole, may be deducted from the inmate's sentence . . . ." Thus, the decision to grant or deny good-time and earned-time credit lies within the discretion of the DOC. The DOC's failure to award good-time or earned-time credits does not result in an atypical and significant hardship in relation to the ordinary incidents of prison life.

In addition, under Colorado law, earned-time credits are applied to determine parole eligibility, not to determine a mandatory release date. Meyers v. Price, 842 P.2d 229, 231-32 (Colo. 1992). The DOC's decision not to award good-time and earned-time credits, or to withdraw good-time and earned-time credits, does not implicate a liberty interest. Greenholtz, 442 U.S. at 7.

To the extent Applicant claims a constitutional deprivation in the denial of earned-time credits, and a resulting delay in the time that he may be paroled, Applicant possesses "no vested right in a particular parole date or parole hearing eligibility date." Chambers, 205 F.3d at 1242. The Colorado Supreme Court has interpreted the Colorado parole statute to give the Parole Board "sole power to grant or refuse to grant parole." See section 17-2-201(5)(a), C.R.S.; Martinez v. Furlong, 893 P.2d 130, 131 (Colo. 1995). "[T]he Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole." Thompson v. Riveland, 714 P.2d 1338, 1340 (Colo. App. 1986). Nor does the United States Constitution create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. See Greenholtz, 442 U.S. at 7.

### III. CONCLUSION

Applicant has not shown that he was deprived of a liberty interest. His due process claims fail. Although Applicant now is on parole, based on the above findings he is not entitled to (1) a credit of any earned-time that was denied for his failure to participate in the SOTP; (2) a

discharge of his mandatory parole; or (3) the ability to accrue earned-time credits in the future. Accordingly,

I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED; the Amended Application be DENIED; and the action be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 6, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge