IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 06-cv-01611-WDM-BNB

SHANE STEVENS,

    Applicant,

v.

JOSEPH ORTIZ and
AL STANLEY,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Boyd N. Boland (doc no 21), filed March 6, 2009, that Applicant's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, as amended, be denied. Plaintiff did not file an objection to the recommendation and is therefore not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation.

Applicant asserts several claims based on the denial of his parole in April 2003 and November 2005 and a claim based on the denial of earned-time credits. Magistrate Judge Boland recommends that his claims be denied as time-barred to the extent they rely on events occurring in 2003. I agree. Applicant argues that he has wrongfully been denied parole and earned-time credits because of his refusal to participate in the sex-offender treatment program (SOTP). Applicant concedes that he was convicted of sexual assault,

but contends that the sentence he was serving[1] was for other offenses and cases. Magistrate Judge Boland recommends that any claims based on Applicant's refusal to participate in SOTP be denied because (1) the state statute creating classifications for sex offenders is not limited in application to inmates serving sentences for crimes involving a sex offense; (2) Applicant received adequate due process in the classification decision because he was already convicted of a sex offense; (3) there is no constitutional claim based on the requirements of the SOTP to disclose sexual behavior; and (4) Applicant has no constitutionally protected liberty interest in good-time or earned-time credits. Applicant also contends that his parole hearing was deficient because the board member who conducted the parole hearing had not taken a constitutional oath of office and was not bonded. Magistrate Judge Boland recommends dismissal of this claim on the grounds that Applicant has not shown that these alleged failures violated a constitutional right of the Applicant or that the parole board abused its discretion in denying parole.

I agree with Magistrate Judge Boland's analysis and will accept the recommendation in its entirety.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boyd N. Boland (doc no 21), filed March 6, 2009 is accepted.

2. Applicant's Application for a Writ of Habeas Corpus, as amended, is denied

---

[1] Applicant is apparently on parole now.

and this case is dismissed.

DATED at Denver, Colorado, on April 1, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge